# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| PERCY LEE CLAY and )<br>DIANE CLAY, )<br>   )<br>   Plaintiffs, pro se, )<br>   )<br>   v. )<br>   )<br>WILLIAM L. OSTEEN, JR., )<br>United States District Judge, )<br>Middle District of North Carolina, )<br>   )<br>P. TREVOR SHARP, )<br>United States Magistrate Judge, )<br>Middle District of North Carolina, )<br>   )<br>   Defendants. ) | **MEMORANDUM OPINION<br>AND RECOMMENDATION**<br><br>1:10CV399 |

This matter is before the court on Defendants' Motions to Dismiss [docket nos. 9 and 15]. Pro se Plaintiffs Percy Lee Clay and Diane Clay filed this Title 42 U.S.C. § 1983 and *Bivens* action against Defendants William L. Osteen, Jr., a United States District Court Judge for the Middle District of North Carolina, and P. Trevor Sharp, a United States Magistrate Judge for the Middle District of North Carolina, for alleged acts and omissions in the performance of their duties in two matters that Plaintiffs had pending in the United States Court for the Middle District of North Carolina. Defendants have moved to dismiss the complaint pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6). Plaintiffs have either responded in opposition to each motion or the

time to do so has passed; in this respect, the matter is ripe for disposition.[1]  Since the parties have not consented to the jurisdiction of a magistrate judge, I must deal with the motions by way of a recommendation.  For the following reasons, it will be recommended that the court grant Defendants' motions to dismiss.

**PROCEDURAL POSTURE**

On May 21, 2010, Plaintiffs Percy Lee Clay and Diane Clay ("Plaintiffs") filed this action against United States District Court Judge William L. Osteen, Jr. ("Judge Osteen"), alleging that he exceeded the limits of his authority as a United States District Court Judge; that, contrary to federal law, Judge Osteen failed to grant default judgment in a case Plaintiffs had pending before him; and that he unreasonably delayed taking action with respect to another case that Plaintiffs had pending before him [docket no. 1].  On July 9, 2010, Plaintiffs filed an amended complaint adding Magistrate Judge P. Trevor Sharp ("Judge Sharp") as a Defendant based on his alleged violation of Plaintiffs' Seventh Amendment right to a jury trial [docket no. 5].  On July 19, 2010, Judge Osteen filed a motion to dismiss based on FED. R. CIV. P. 12(b)(1) and 12(b)(6) [docket no. 9].  Subsequently, on August 27, 2010, Judge Sharp filed a motion to dismiss based on the same authority [docket no. 15].

---

[1] Plaintiffs filed a timely response to Judge Osteen's motion to dismiss.  Plaintiffs attempted to file a response to Judge Sharp's motion to dismiss, but the response was stricken by the court, and Plaintiffs failed to submit a proper response within the required time limit.

**FACTS**

The allegations in Plaintiffs' complaint are related to two separate actions that Plaintiffs had pending in this court. Both actions were assigned to Judge Osteen, and various motions in both actions were referred to Judge Sharp.

**Plaintiffs' Action against the Commissioner of the Internal Revenue Service**

On September 22, 2008, Plaintiffs filed an action against the Commissioner of the Internal Revenue Service (the "IRS") seeking to enjoin the IRS from collecting and assessing taxes from Plaintiffs, requesting a refund of federal income taxes paid, and seeking damages based on the alleged behavior of the IRS. (*Clay v. Commissioner of the Internal Revenue Service*, Civil Action No. 1:08-cv-00681.) Plaintiffs' action was assigned to Judge Osteen; and, pursuant to the authority found in 28 U.S.C. § 636, various pre-trial motions were referred to Judge Sharp for review. Based on the Anti-Injunction Act, 26 U.S.C. § 7421, and because Plaintiffs failed to allege that they ever filed for a refund or fully paid all federal taxes owed, Judge Sharp recommended dismissing the action based on lack of subject matter jurisdiction. Plaintiffs filed numerous objections to Judge Sharp's recommendation based on their failure to receive a jury trial and on Judge Sharp's jurisdiction over the matter. Despite Plaintiffs' objections, on August 19, 2009, Judge Osteen adopted Judge Sharp's recommendation. Plaintiffs responded to the order with a motion that Judge Osteen recuse himself from the action. On March 18, 2010, Judge Osteen denied Plaintiffs' request; and the matter was subsequently closed.

Most of Plaintiffs' claims in this action are based on allegations related to acts or omissions in the performance of Judge Osteen's and Judge Sharp's duties in the matter outlined above.  In essence, Plaintiffs claim that Judge Osteen exceeded the scope of his authority as a United States District Court Judge; and, as a result, Plaintiffs were denied their right to a jury trial.  Presumably, Plaintiffs' allegations are based on Judge Osteen's adoption of Judge Sharp's recommendation that their action be dismissed.   Plaintiffs also claim that Judge Osteen unreasonably delayed addressing their action for two years and then dismissed their lawsuit in retaliation for Plaintiffs' filing of a judicial misconduct complaint against him.  Their complaint also contains an unsupported allegation that Judge Osteen made erroneous rulings contrary to FED. R. CIV. P. 4, 12, 15, 16, 26, 38, 55, and 56.  Plaintiffs' only allegation with respect to Judge Sharp is that he denied them their right to a jury trial by retaining jurisdiction over various pre-trial motions.

**Plaintiffs' Action against Citimortgage, Inc.**

After filing suit against the IRS, on December 24, 2008, Plaintiffs filed an action in this court for breach of contract against Citimortgage, Inc. ("Citimortgage"). (*Clay v. Citimortgage, Inc.*, Civil Action No. 1:08-cv-00925).  Like Plaintiffs' suit against the IRS, the action was assigned to Judge Osteen, and various motions were referred to Judge Sharp.  Initially, Citimortgage failed to file an answer to Plaintiffs' complaint; as a result, Plaintiffs filed a motion for default judgment.  On May 29, 2009, Judge Osteen denied Plaintiffs' motion because they failed to effect

valid service of process upon Citimortgage. Plaintiffs subsequently filed multiple motions for reconsideration of their motion for default judgment; all were denied. Plaintiffs also filed multiple motions requesting Judge Osteen's recusal from the action; all of which were also denied. Plaintiffs' action against Citimortgage remains pending. In this action, Plaintiffs allege that Judge Osteen's failure to grant default judgment in the Citimortgage action was contrary to federal law.

In this action, Plaintiffs seek a declaration that Judge Osteen's dismissal of their action against the IRS exceeded the scope of his authority and, thus, that his order was not a judicial act. In addition, Plaintiffs request injunctive relief requiring Judge Osteen to follow federal law. Plaintiffs also seek to nullify all orders issued by Judge Osteen and Judge Sharp in the two matters outlined above. Defendants claim that this court does not have subject matter jurisdiction over Plaintiffs' action, as Defendants have absolute judicial immunity. Defendants also claim that Plaintiffs have failed to state a claim upon which relief may be granted. Because claims of judicial immunity are generally reviewed under FED. R. CIV. P. 12(b)(6), the following discussion analyzes Defendants' claim of judicial immunity under that standard.

**STANDARD OF REVIEW**

In ruling on a motion to dismiss for failure to state a claim, it must be recalled that the purpose of a 12(b)(6) motion is to test the sufficiency of the complaint, not to decide the merits of the action. *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991); *Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 887 F. Supp. 811, 813 (M.D.N.C.

1995). At this stage of the litigation, a plaintiff's well-pleaded allegations are taken as true; and the complaint, including all reasonable inferences therefrom, are liberally construed in the plaintiff's favor. *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir. 1996).

The duty of fair notice under Rule 8(a), however, requires the plaintiff to allege, at a minimum, the necessary facts and grounds that will support his right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). As the Supreme Court has instructed, although detailed facts are not required, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal citation omitted). *See also Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) (clarifying *Twombly*). With these principles in mind, the court now turns to the motions to dismiss.

**DISCUSSION**

The law has long recognized the need for a broad construction of judicial immunity. In fact, "[a]s early as 1872, the [Supreme] Court recognized that it was 'a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without the apprehension of personal consequences to himself.'" *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 347 (1871)). Moreover, the Supreme Court has held that

judges are not liable for judicial acts even when such acts "'are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly.'" *Id.* at 356 (quoting *Bradley*, 80 U.S. at 351).

There are only two sets of circumstances in which judicial immunity is overcome. "First, a judge is not immune from liability for non-judicial actions, *i.e.*, actions not taken in the judge's judicial capacity." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 12. Whether an act is "judicial" "relate[s] to nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his official capacity." *Stump*, 435 U.S. at 362. Whether a judge acts in the complete absence of all jurisdiction depends on whether "jurisdiction over the subject-matter [of the action] is invested by law in the judge." *Bradley*, 80 U.S. at 351-52.

Traditionally, judicial immunity only applied in actions for money damages. In *Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984), the Supreme Court held that judges are not shielded by judicial immunity from declaratory or injunctive relief. In 1996, however, Congress effectively reversed *Pulliam* by enacting the Federal Courts Improvement Act of 1996 ("FCIA"), Pub. L. No. 104-317, 110 Stat. 3847 (1996) (amending 42 U.S.C. § 1983). Section 309(c) of the FCIA bars injunctive relief in any Section 1983 action "against a judicial officer for an act or omission taken in

such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." Thus, the doctrine of judicial immunity in Section 1983 actions now extends to suits for injunctive relief.[2]  *See Roth v. King*, 449 F.3d 1272, 1286 (D.C. Cir. 2006) (stating that "42 U.S.C. § 1983, as amended in 1996 by the [FCIA], explicitly immunizes judicial officers against suits for injunctive relief"). Judicial immunity still does not, however, bar civil actions against judicial officers seeking declaratory relief.

Plaintiffs specifically seek both injunctive and declaratory relief.  With respect to their request for injunctive relief, Plaintiffs claim that judicial immunity does not apply.  Plaintiffs allege that Judge Osteen's dismissal of their action against the IRS and failure to grant default judgment in their action against Citimortgage were not judicial functions and, as a result, Judge Osteen should not be granted judicial immunity.  Plaintiffs also claim that by exceeding the scope of their authority, both Defendants lost jurisdiction over the two matters pending before them and, consequently, they should not enjoy immunity.  Both of Plaintiffs' arguments are equally without merit.  Judge Osteen's decision to adopt Judge Sharp's recommendation to dismiss Plaintiffs' suit against the IRS, as well as his decision not to grant Plaintiffs' default judgment against Citimortgage, were plainly made in his

---

[2] To the extent that Plaintiffs use *Bivens v. Six Unknown Narcotics Agents Federal Bureau of Narcotics*, 403 U.S. 388 (1971)("*Bivens*") as a basis for their lawsuit, the rules regarding judicial immunity under Section 1983 are equally applicable in *Bivens* actions. *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 433 n.5 (1993); *see also Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000).

capacity as a judicial officer. Plaintiffs' contention that such acts were non-judicial is simply frivolous. Plaintiffs' second argument is equally unavailing. Judge Osteen was assigned to preside over both matters Plaintiffs had pending in this court. As such, he had jurisdiction to adjudicate all motions pending before him. Likewise, pursuant to the authority found in 28 U.S.C. § 636(b)(1)(B), Judge Sharp had the authority to make recommendations regarding the disposition of motions referred to him for review. Plaintiffs' request for injunctive relief is, therefore, barred by the doctrine of judicial immunity.

Although Section 1983, as amended in 1996 by the FCIA, does not immunize judges against civil actions for declaratory relief, Plaintiffs are not seeking declaratory relief in the true legal sense. Plaintiffs seek a declaration that Judge Osteen's dismissal of their claim against the IRS was not a judicial act because it denied Plaintiffs their right to a jury trial. "Declaratory judgments, however, are meant to define the legal rights and obligations of the parties in anticipation of some future conduct." *Johnson v. McCuskey*, 72 Fed. Appx. 475, 477 (7th Cir. 2003) (holding that declaratory relief was improper where Plaintiff merely sought a declaration that Defendants had acted improperly when deciding a change of venue motion). They are not "meant simply to proclaim that one party is liable to another." *Id.* at 478. Plaintiffs' request for declaratory relief merely seeks to strip Defendants

of judicial immunity and thereby impose liability. As such, Plaintiffs are not entitled to declaratory relief.[3]

**CONCLUSION**

For the foregoing reasons, it is **RECOMMENDED** that the court **GRANT** Defendants' motions to dismiss [docket nos. 9 and 15].

_____
WALLACE W. DIXON
United States Magistrate Judge

Durham, NC
October 19, 2010

---

[3] Although it is unnecessary to the disposition of Defendants' motion to dismiss, the court will briefly address Plaintiffs' contention that Defendants violated Plaintiffs' Seventh Amendment right to a jury trial by dismissing their action against the IRS. As explained in Judge Sharp's recommendation, the Court lacked jurisdiction over Plaintiffs' claim against the IRS. Because Plaintiffs' complaint failed as a matter of law to present an issue for trial, their right to a jury trial was not abridged. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 327-28 (2007) (finding that heightened pleading requirements in civil actions do not violate the Seventh Amendment); *see also In re Peterson*, 253 U.S. 300, 310 (1920) ("No one is entitled in a civil case to trial by jury unless and except so far as there are issues of fact to be determined.").